**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

BALJINDER SINGH SINGH,

Petitioner,

v. No. 2:26-cv-02176-MLG-JMR

DORA CASTRO, Warden of Otero County Processing Center; et al.

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER**

This matter is before the Court on Petitioner Baljinder Singh Singh's petition for writ of habeas corpus ("Petition"), filed July 6, 2026. *See* Doc. 1. Singh challenges his continued detention without individualized review and seeks his immediate release or an individualized bond hearing. Doc. 1 at 2, 3, 8-10 ¶¶ 5, 8, 37, 39, 46. Federal Respondents[1] do not contest the facts presented in the Petition. *See* Doc. 5 at 1-2 (confirming that Singh's removal order is not administratively final). Given these facts, and because there is no indication that Singh is being held pursuant to 8 U.S.C. § 1226(c), the Court concludes § 1226(a) governs his detention. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) (holding that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)").[2] Singh's detention without a bond hearing therefore

[1] The Court uses "Federal Respondents" to refer to all Respondents in this matter other than Dora Castro, Warden of the Otero County Processing Center.

[2] Federal Respondents assert that Singh's detention accords with 8 U.S.C. § 1225(b)(2)(A). Doc. 5 at 2-3. They however concede that their position is directly contrary to *Santillan Quiroz*, 180 F.4th 1226. *Id.*

constitutes an ongoing violation of his right to due process under the Fifth Amendment to the United States Constitution. *See Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 785 (E.D. Mich. 2025) ("The discretionary bond framework under Section 1226(a) requires a bond hearing to make an individualized custody determination . . . . Therefore, without first evaluating [a noncitizen's] risk of flight or dangerousness, his detention is a violation of his due process rights.").

In habeas corpus proceedings, "a federal court 'possesses power to grant *any form of relief necessary* to satisfy the requirement of justice.'" *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)). Immediate release is the appropriate remedy for the due process violation in this case. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful executive] detention is, of course, release."); *see also Sosa v. De Azbarra*, No. 1:26-cv-01167-SMD-GJF, 2026 WL 1453999, at *3 (D.N.M. May 22, 2026) (ordering a petitioner's immediate release rather than a bond hearing); *cf. Cruz-Reyes v. Bondi*, 818 F. Supp. 3d 875, 887 (S.D. Tex. 2026) ("Ordering a bond hearing under § 1226(a), after [the petitioner] has been taken into custody [and erroneously detained under a mandatory detention provision], cannot make up for the lack of an initial, individualized determination process by ICE.").

It is hereby ordered:

1. Respondents must immediately release (no later than forty-eight hours from this Order's filing) Singh from custody.
2. Upon Singh's release, Respondents must return all of his property, including any identification documentation, that was in his possession when he was detained.
3. If Federal Respondents elect to re-detain Singh, they are enjoined from detaining him pursuant to 8 U.S.C. § 1225(b)(2)(A).

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA